TEAL *v.* HAYES.

MORTGAGES—FORECLOSURE—LANDLORD AND TENANT—PURCHASE OF
MORTGAGEE'S INTEREST—FRAUD—EVIDENCE.

In chancery suit to foreclose a mortgage wherein it appears that premises were leased from mortgagors by a family corporation owned by an attorney, his son and daughter, that four days before the period of redemption expired the son, on funds procured on his own credit, purchased the mortgagee's interest subject to the mortgagors' right to redeem, that there was no redemption, that the lease was terminated by the fore-closure before expiration of period for which rent had been paid, finding by trial court that attorney was not the mort-gagors' attorney, that there was no fraud practiced by either the attorney or his son, that there was no breach of a fiduciary relation and that the mortgagors did not rely on redemption by the lessee as permitted but not required by the foreclosure decree and contract between lessee and mortgagor, was sup-ported by record.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 5, 1944. (Docket No. 31, Calendar No. 42,666.) Decided June 30, 1944.

Foreclosure proceeding by Belle R. Teal, guardian of the estate of Frank G. Teal, Jr., a minor, against H. J. Hayes and others. On petition of defendants H. J. Hayes and wife for supplemental decree determining that petitioners are owners of an undivided fractional interest in the premises foreclosed. From decree denying petition, defendants Hayes appeal. Affirmed.

*Adrian D. Rosen* (*Carroll C. Grigsby,* of counsel), for defendants Hayes.

*Harvey S. Durand,* for defendant Moinet, Inc.

*Henry C. L. Forler,* for defendants Durand, Jr., and wife.

North, C. J. Plaintiff filed a bill to foreclose a mortgage against the premises at 5167 Cass avenue, Detroit, Michigan. Prior to March 10, 1939, defendants and cross plaintiffs H. Jay Hayes and his wife lived in New York and owned this property in fee. In 1934, the defendant Moinet, Inc., a family corporation then consisting of H. S. Durand, Sr., H. S. Durand, Jr., and Marion Hanks, leased the property and successive leases were entered into between the parties. In May, 1940, a further agreement hereinafter noted covering rights of the parties was executed. On December 6, 1941, the lease then in effect was terminated by foreclosure of the plaintiff's mortgage, no redemption having been made. At the time of this termination, the rental was $75 per month. The lease ran until October 31, 1942, and rent was prepaid in the amount of $337.72.

In 1937, Hayes was in financial difficulty; State and county taxes were in arrears, and to redeem the property Hayes borrowed a sum of money from Moinet, Inc. This advancement served as a prepayment on rent. City taxes for 1930 to 1939 were unpaid and the city threatened foreclosure. Mr. Durand, Sr., is a practicing attorney in Detroit and undertook to obtain a postponement of foreclosure pending the obtaining of a mortgage on the property. To make possible this mortgage, Moinet, Inc., executed an instrument giving the mortgage priority over its lease but giving to Moinet, Inc., certain optional rights of redemption in event of default by the mortgagor. The mortgage was obtained from

the plaintiff and the borrowed funds were used to pay some tax liens. However, Hayes soon became in default and plaintiff commenced foreclosure a little over four months after execution of the mortgage.

The agreement of May, 1940, between Hayes and Moinet, Inc., provided that in the event of default, Moinet, Inc., could pay such default and to that extent acquire an interest in the premises. Moinet, Inc., was advised of the pending default but decided not to exercise its rights, and so notified both Hayes and the attorney for the mortgagee, whereupon foreclosure was commenced.

Mr. Durand, Sr., acting for Moinet, Inc., filed a cross bill asking the court to determine damages for the termination of the lease in the event no redemption was made by Hayes, and that the court permit Moinet, Inc., to redeem if it should wish to do so. The foreclosure decree provided that Moinet, Inc., could so redeem; and also that upon application of Moinet, Inc., if there was no redemption, damages would be determined by a supplemental decree as far as Moinet, Inc., was concerned. Considerable negotiation resulted in Mr. Durand, Sr., or Moinet, Inc., refusing to aid in the redemption.

Although Durand, Jr., had been an officer of Moinet, Inc., there is evidence that he ceased its actual management in 1938, moved away from Detroit, and devoted himself entirely to the management of the St. Clair Inn. In August, 1941, he resigned as president and director of Moinet, Inc. Just prior to the expiration of the period of redemption, Durand, Jr., on December 2, 1941, purchased the mortgagee's interest in the Detroit property but subject to Hayes' right to redeem. There was no redemption, but Hayes asserts that Durand, Jr.'s,

purchase should be held to be a redemption from the foreclosure, instead of vesting absolute title in Durand, Jr. On April 8, 1942, after securing leave, Hayes filed a petition for a supplemental decree and at this time Durand, Jr., and wife were made parties defendant. The matter came before a circuit court commissioner to determine whether Durand, Sr., had practiced fraud on Hayes; whether Durand, Sr., and Hayes stood in the relation of attorney and client; whether there was a legal duty on Durand, Sr., to prevent the acquisition of the property by Durand, Jr.; whether the purchase by Durand, Jr., was a fictitious purchase to circumvent the provisions of the decree and whether or not any future claim of Moinet, Inc., against Hayes should be barred.

The circuit court commissioner found that Durand, Sr., was not the attorney for Hayes, there was no fraud practiced by either Durand, Sr., or Durand, Jr., that Durand, Jr., obtained money to make the purchase on his own credit and that no claim for damages from Moinet, Inc., should be barred. Decree accordingly was entered in the circuit court.

The opinion given by the circuit court judge in confirming the commissioner's report states our own conclusions so well that we quote it in part as follows:

"After a perusal of the same, we conclude that the commissioner's findings of fact are comprehensive and correct, and they are made, by reference, a part of this opinion. We also approve his recommendations of the law generally, but two issues seem to call for particular comment.

"Defendants Hayes, in their brief, stress a fiduciary relationship between defendant Durand, Sr.,

and defendants Hayes, on which much of his legal argument is based. We agree with the commissioner that there is no testimony to support such a contention; in fact, just the opposite. When Durand and Hayes assumed the relation of tenant and landlord, Durand performed some legal services in clearing the tax records for their mutual benefit, and for which he properly charged Hayes. From the time the relationship of tenant and landlord began, their interests were generally opposed, and Hayes knew it.

"We conclude that Harvey S. Durand, Sr., who has a long and honorable record at this bar, did no act in violation of any fiduciary relationship. On the contrary, his conduct with the defendants Hayes was not only just, but generous; and it is our duty so to find.

"Defendants Hayes' other contention is based on the rather unusual paragraph in the original decree, permitting the defendant, Moinet, Inc., to redeem in case the property was foreclosed, to protect its own interests.   *   *   *

"It will be noted that this language is permissive, and not mandatory. Moinet, Inc., was under no obligation to redeem, and did not redeem; and there is no evidence that Hayes expected that the corporation would, or that he relied on such redemption. In fact, under the law, he could have redeemed at any time during the statutory period, and the purchase of the plaintiff Teal's interests in no way cut him off.

"Defendants Hayes were deprived of no legal rights, and a reading of the record is convincing that the defendants Durand did much to help them preserve their equity."

We have read the record with care and although only a portion of the facts are stated herein, it is our conclusion that the record amply supports the confirmation of the commissioner's report. The

record is somewhat voluminous and to review here all of the testimony upon which we rely in arriving at our conclusion would be of no service. The decree entered in the circuit court is affirmed, with costs to appellees.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.